**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KAREN PALENCAR,** | : | |
| 7428 Green Valley Rd. | : | |
| Mt. Vernon, OH 43050 | : | Civil Action No.: 2:17-cv-259 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | MAGISTRATE JUDGE |
| | : | |
| **KOKOSING CONSTRUCTION** | : | |
| **COMPANY, INC.** | : | |
| c/o Registered Agent | : | **Jury Demand Endorsed Hereon** |
| Gabe Roehrenbeck, General Counsel | : | |
| 6235 Westerville Rd., | : | |
| Westerville, OH 43081 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

NOW COMES Plaintiff Karen Palencar ("Plaintiff") and proffers this Complaint for damages against Defendant Kokosing Construction Company, Inc. ("Defendant").

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3.      This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5.     Plaintiff Palencar is an individual, a United States citizen, and a resident of the state of Ohio.  Ms. Palencar resides in Knox County, Ohio.

6.     At all times relevant herein, the Plaintiff was an employee of Defendant as that term is defined in the FLSA and O.R.C. Chapter 4111.

7.     At all times relevant herein, Defendant was a covered employer as that term is defined in the FLSA and O.R.C. Chapter 4111.

8.     At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant's constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

9.     Plaintiff first began her employment with Defendant in or around May 1997.

10.     Defendant's headquarters are located in Westerville, Ohio.  Defendant maintains several locations in Ohio and West Virginia.

11.     At all times relevant herein, Plaintiff worked at Defendant's Fredericktown, Ohio location.

12.     At all times relevant herein, Plaintiff was employed in the position of Heavy Equipment Shop Planner.

13. Defendant classified Plaintiff as an exempt employee and paid her biweekly on a salary basis.

14. Plaintiff worked at least 5 days per week, and usually worked 45-50 hours per week. On occasion, Plaintiff worked weekend hours.

15. Plaintiff manually kept track of the hours she worked each workday. However, Plaintiff was required to submit only 40 hours in the electronic time system. In the "Notes" section of the electronic time system, Plaintiff would enter the amount of overtime hours she worked that week.

16. In the position of Heavy Equipment Shop Planner, Plaintiff's primary job duty involved performance of manual work, including loading and unloading trucks with parts for heavy equipment. Plaintiff used either a forklift to unload the trucks or did so by hand. Plaintiff then sorted and distributed the parts to the proper mechanic. Plaintiff spent the majority of her day performing manual work.

17. Plaintiff was also required to purchase equipment parts to restock Defendant's inventory of parts to be used for heavy equipment repairs. In order to do this, mechanics would submit lists of parts and part numbers that were needed. Plaintiff then consulted a list of pre-approved vendors from whom she could purchase a particular part. Plaintiff then contacted the vendor and completed the purchase.

18. Plaintiff was not permitted to negotiate purchase prices with Defendant's vendors. Instead, Defendant's Equipment Manager was responsible for negotiating prices and purchase contracts.

19.     Plaintiff could authorize small, routine purchases. However, Plaintiff was required to seek approval from her supervisor if she needed to make a purchase order in the amount of $3,000.00 or more.

20.     Plaintiff was also required to physically check the parts inventory from time-to-time and re-order parts as needed, and to assist with cleaning up and organizing the inventory storage area.

21.     Plaintiff's primary job duty was not performance of office or non-manual work directly related to management or Defendant's or its customer's general business operations.

22.     Plaintiff primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

23.     Plaintiff did not supervise the work of any other employees.

24.     Plaintiff's employment with Defendant ended on or around October 5, 2015.

25.     On or around February 10, 2016, Plaintiff filed a Complaint with the United States Department of Labor's Wage and Hour Division.

26.     In her complaint, Plaintiff alleged that she was improperly classified as a salaried, exempt employee and she was not paid overtime compensation for all hours worked per workweek in excess of 40.

27.     As a result of Plaintiff's complaint, the Department of Labor (hereinafter "DOL") conducted an investigation of Defendant's pay practices.

28.     At the conclusion of the investigation, the DOL determined that Defendant had improperly classified 20 employees as salary, exempt employees. Therefore, the DOL concluded that Defendant owed a combined total of $60,069.09 in overtime back wages to its misclassified employees.

29.     Included in the 20 employees were 2 additional part planners with similar or identical job responsibilities to those of Plaintiff.

30.     Defendant asked the DOL to reconsider three of the positions, including Plaintiff's position. Defendant did not request that the DOL reconsider its determination on the 2 other part planners.

31.     After reconsidering the positions and analyzing the law and regulations, the DOL determined that Plaintiff's position was properly determined to be misclassified.

32.     Despite the DOL's original finding and confirmation after reconsideration, Defendant still refused to pay Plaintiff any overtime back wages.

33.     On or around November 2, 2016, Plaintiff received a notification from the DOL, informing her that Defendant would not agree to voluntarily pay the wages that Plaintiff is owed, and that the DOL would be taking no further action on her behalf.  Accordingly, Plaintiff has now initiated this action to recover her unpaid overtime wages.

## FIRST CAUSE OF ACTION
### 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

34.     All of the preceding paragraphs are realleged as if fully rewritten herein.

35.     Plaintiff was an employee of Defendant's within the previous three years of the filing of this Complaint.

36.     Defendant misclassified Plaintiff as a salaried exempt employee.

37.     Plaintiff was not exempt from the overtime requirements of the FLSA.

38.     Plaintiff was not paid an overtime premium for all hours worked over 40 in a workweek at her regular rate of pay.

39.     Plaintiff regularly worked more than 40 hours per workweek.

5

40.     Defendant was aware that Plaintiff regularly worked more than 40 hours per week, but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

41.     Defendants knew or should have known of the overtime payment requirement of the FLSA, and that Plaintiff was misclassified as a salary-exempt employee, denying her overtime payment for all hours worked per week in excess of 40.

42.     In fact, the United State Department of Labor's Wage and Hour Division evaluated Plaintiff's position and job duties and informed Defendant that it had misclassified Plaintiff as a salary, exempt employee, and that Plaintiff should have been paid overtime compensation for all hours worked in excess of 40.

43.     Defendant refused to pay Plaintiff her unpaid overtime wages, despite a finding by the Wage and Hour Division that Plaintiff is entitled to such overtime.

44.     Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

45.     As a result of Defendant's actions, Plaintiff has been damaged.

### SECOND CAUSE OF ACTION
**OMFWSA R.C. 4111.03 - Failure to Pay Overtime**

46.     All of the preceding paragraphs are realleged as if fully rewritten herein.

47.     This claim is brought under Ohio Law.

48.     Defendant's knowing failure to pay overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

49.     For the Defendant's violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
## R.C. 4113.15 – Failure to Tender Pay by Regular Payday

50.    All of the preceding paragraphs are realleged as if fully rewritten herein.

51.    Plaintiff asserts this claim under R.C. 4113.15, which requires Defendant to pay its employees within thirty (30) days of when they performed compensable work.

52.    At all times relevant herein, Defendant failed to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

53.    By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.    A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA and the OMFWSA;

B.    An injunction against Defendant from engaging in each of the unlawful practices, policies, and patters set forth herein;

C.    An award of unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D.    An award of liquidated damages and/or treble damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C. § 4113.15;

E.    An award of prejudgment and post judgment interest;

F.    An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/*Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Greg R. Mansell*
Greg R. Mansell (0085197)